IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs January 10, 2001

## LON WALKER v. WILLIAM A. CAMERON

**Appeal from the Circuit Court for Putnam County**
**No. 99N0097    John Maddux , Judge**

---

### No. M2000-01903-COA-R3-CV - Filed October 24, 2002

---

This is a legal malpractice action which was dismissed on motion for summary judgment. Fourteen months before suit was filed the plaintiff sent a holographic letter to the Disciplinary Counsel complaining, in considerable detail, of the defendant's purported shortcomings. The trial judge held that the action was barred by the one-year statute of limitations. Judgment affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

WILLIAM C. KOCH, JR., J., WILLIAM B. CAIN, J., PATRICIA J. COTTRELL, J.

Lon Walker, Pikeville, Tennessee, Pro Se.

Frank Q. Vettori, Knoxville, Tennessee, for appellee, William A. Cameron.

**OPINION**
**PER CURIUM**

**I.**

On November 20, 1998, the plaintiff filed a legal malpractice action against the defendant in the Chancery Court of Putnam County,[1] alleging various acts of negligence on the part of the defendant attorney which resulted in the plaintiff's conviction for second degree murder with a sentence of twenty-years confinement.

The prolix complaint[2] essentially alleges that on the night of October 14, 1995 the plaintiff was socializing at his residence with Howard Harp and Stacy Patzer; that all of them were drinking; that he left the room, and thereafter heard a gunshot. Upon his return to the room he discovered that

---

[1] Transferred to Circuit Court on March 29, 1999.

[2] Thirty-five pages in length.

Harp had committed suicide according to the statements of Patzer, who later recanted and testified that the plaintiff had killed Harp.

The plaintiff alleged that after Patzer "changed her story" he was arrested for the murder of Harp, and on October 17, 1995 employed the defendant to represent him. The plaintiff was indicted on February 10, 1996 for first degree murder, and his trial commenced February 10, 1997.

The allegations of negligence are numerous, including: failure to discover the state's evidence before trial, failure to investigate the case, failure to investigate the background of Patzer, failure to interview and prepare the witnesses, failure to locate and have available expert witnesses, failure to object to certain portions of the jury instructions, failure to amend the motion for a new trial to allege prosecutorial misconduct, failure to present witnesses or other evidence at the hearing for a new trial, failure to arrange a "psychosocial autopsy" of Harp, and various other allegations tending to prove that Harp committed suicide.

The plaintiff's motion for a new trial was denied June 13, 1997 following which "various differences arose between him and the defendant" leading to the filing by the plaintiff of an "ethical complaint" with the Board of Professional Responsibility.[3] On September 28, 1997, the plaintiff sent a seven-page holographic letter to Lance Bracy, Disciplinary Counsel, in which he referenced the filing of the "ethical complaint," and accused the defendant of a host of shortcomings, including "inadequate efforts and bias interests," failure to communicate, and rendering erroneous advice. The statements in this letter to Mr. Bracy fairly well mirror the allegations in the complaint.

## II.

The defendant filed a motion for summary judgment, alleging that he was entitled to judgment as a matter of law because the plaintiff's action, if any, was barred by the Statute of Limitations, Tenn. Code Ann. § 28-3-104. The trial court agreed, and dismissed the complaint. The plaintiff appeals, presenting for review the propriety of the dismissal of his complaint.

## III.

Whether the motion for summary judgment was properly granted is the dispositive issue on appeal. Such motions should be granted when the movant demonstrates that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. Tenn. R. Civ. P. 56.04. Summary judgment is only appropriate when the facts and the legal conclusions to be draw therefrom permit only one conclusion. *Carvell v. Bottoms*, 900 S.W.2d 23 (Tenn. 1998). Since only a question of law is presented here, there is no presumption of correctness. *Bain v. Wells*, 936 S.W.2d 618 (Tenn. 1997).

---

[3] The precise date of which is not revealed in the record. It was filed before September 28, 1997.

## IV.

The time within which a legal malpractice action must be filed is one year after accrual of the cause of action. Tenn. Code Ann. § 28-3-104. The accrual of the action does not commence until the injured party discovers that he has sustained a legally recognizable injury, and that he knew or in the exercise of reasonable diligence should have known of the injury. *Carvell v. Gottoms,* 900 S.W. 2d 23 (Tenn. 1995)*, Chambers v. Dillow*, 713 S.W.2d 896 (Tenn. 1986).

The trial judge held that the letter of September 28, 1997 was fatal to the plaintiff's case because he clearly was aware of his attorney's alleged shortcomings fourteen (14) months before he filed suit. In seeking to avoid what appears to be plain fact, the plaintiff argues that his injury accrued, at the latest, when the Court of Criminal Appeals granted the defendant's motion to withdraw as counsel. We cannot agree. The September 28, 1997 letter is replete with statements by the plaintiff deploring the alleged negligence and inefficiency of the defendant, together with accusations of failure to communicate with the plaintiff, erroneous advice, denial of due process, deprivation of civil rights, and a host of other instances of purported legal malpractice. The letter reveals the awareness of the plaintiff of facts sufficient to put him on notice that he has suffered an injury as a result of the defendant's purported actions, *Carvell*, and the motion for summary judgment was properly granted. The judgment is affirmed at the costs of the appellant.

PER CURIUM